IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| EDWARD KENT HAUERSPERGER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 15-3291 |
| ) | |
| PAUL GANN, ) | |
| ) | |
| Respondent. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter is before the Court on Petitioner Edward Kent Hauersperger's Motion to Request Counsel (d/e 21) and Respondent Paul Gann's Motion to Dismiss Edward Hauersperger's Petition for Writ of Habeas Corpus (d/e 23). Because Petitioner failed to exhaust his state court remedies, the Motion to Dismiss (d/e 23) is GRANTED and the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (d/e 7) is DISMISSED without prejudice. Petitioner's Motion to Request Counsel (d/e 21) is DENIED AS MOOT.

### I. BACKGROUND

On October 30, 2015, Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (d/e 7). Petitioner alleged

that he was currently confined in the Mason County Detention Facility on orders of the Mason County Circuit Court. Pet. ¶¶ 2, 3. On February 3, 2016, Petitioner filed a Motion to Request Counsel (d/e 21), that remains pending.

In the ¶ 2241 Petition, Petitioner alleges that he was arrested in Havana, Illinois for failing to register as a sex offender but that there was no probable cause for the warrant. Pet. ¶ 4. Petitioner also alleges he was awaiting trial on the same charge in Champaign County, Illinois, when Petitioner was arrested in Havana. Petition ¶ 13; see also Mot. to Dismiss, Exhibit L (d/e 23-12, p. 4 of 48) (docket sheet showing that the Champaign County case was dismissed on August 18, 2015). In addition, the Petition references a Texas criminal case wherein Petitioner was charged with failing to register as a sex offender and the judge purportedly found that Petitioner was not required to register. Pet. ¶ 13.

Petitioner raises four claims in his Petition. Petitioner asserts that his pending criminal case, Mason County Circuit Court Case No. 15-CF-109[1], violates the Fifth Amendment's double jeopardy

---

[1] Petitioner is charged in state court under his alias Edward K. La-Fontaine. Petitioner acknowledged that the First Appearance in the state case that La-

clause (Grounds One and Two), his 2015 arrest was made without probable cause and based on false statements (Ground Three), and he was arrested while being treated under a hospital order (Ground Four). Petitioner seeks immediate release ("order me taken to safe ground"), monetary and punitive damages, and proper identification. See Pet. ¶ 15.

When Petitioner initially filed this case, he was detained in the Mason County Detention Facility in the custody of Respondent Paul Gann, the Sheriff of Mason County.[2] On October 29, 2015, the state court determined that Petitioner was unfit to stand trial or plead and placed Petitioner in the custody of the State of Illinois Department of Human Services for appropriate placement and treatment. See Mot. to Dismiss, Exhibit A (d/e 23-1, p. 32 of 36). Petitioner has been placed in McFarland Mental Health Center (McFarland) and currently remains there. See Notice of Change of Address (d/e 16).

---

Fontaine was an old alias. See July 30, 2015 Tr. at 2, Ex. B to Respondent's Mot. to Dismiss (d/e 23-2).

[2] See Pet. ¶ 2. Petitioner originally filed this case on October 7, 2015. The Petition at issue (d/e 7) was dated October 27, 2015 and postmarked October 28, 2015.

On February 9, 2016, Respondent filed a Motion to Dismiss (d/e 23) arguing that he was not the proper respondent because he did not have custody over Petitioner; that Petitioner failed to exhaust his claims through available state court proceedings; and that Petitioner failed to provide sufficient facts to demonstrate a plausible claim for relief. The Court granted Petitioner until March 8, 2016 to file any response. The Court considers the documents filed at docket entries 32, 35, and 37 as Petitioner's response.

## II. ANALYSIS

Although Petitioner seeks immediate release in his § 2241 Petition, he essentially seeks to enjoin his state criminal proceedings. In general, federal courts must abstain from interfering with pending state proceedings to enforce a state's criminal laws so long as the individual has the opportunity to raise the federal claim in state court and no exceptional circumstances exist. Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009); see also Sweeney v. Bartow, 612 F.3d 571, 573 (7th Cir. 2010) (citing Younger v. Harris, 401 U.S. 37 (1971)). Exceptions are recognized, however, for those instances where a state pretrial detainee's claim would be moot if he waited until the completion of the criminal case

to bring a 28 U.S.C. § 2254 claim, such as speedy trial and double jeopardy claims. U.S. ex rel. Shelton v. Cook Cnty. Jail Exec. Dir., No. 12 C 4665, 2012 WL 2374750, at *3 (N.D. Ill. June 20, 2012) (noting the general rule that a detainee must proceed with her claim through the state criminal proceedings and may raise claims in a § 2254 petition after a state conviction); see also Olsson, 328 F. App'x at 335 ("Relief for state pretrial detainees through a federal petition for writ of habeas corpus is generally limited to speedy trial and double jeopardy claims").  Even so, a pretrial detainee bringing a speedy trial or double jeopardy claim generally must still exhaust his state court remedies.  Olsson, 328 F. App'x at 335; see also Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 489-92 (1973).

To exhaust state court remedies, a petitioner must "use all available state procedures to pursue his claim before seeking federal habeas corpus relief." Blanck v. Waukesha Cnty., 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999).  The exhaustion requirement may be excused, however, "where unreasonable delay would result or there is no reasonable prospect of petitioner receiving relief" in

the state court.  <u>Davis v. Spoden</u>, No. 09-cf-002-bbc, 2009 WL 249973, at *2 (W.D. Wis. Feb. 2, 2009).

Because Petitioner is a pretrial detainee facing pending state criminal charges, the only § 2241 claims that he could possibly bring at this time are speedy trial or double jeopardy claims, as this Court would abstain from otherwise interfering with the state court proceedings.  Petitioner only brought a double jeopardy claim in his Petition, although he mentions his right to a speedy trial in one of his letters.  <u>See</u> Pet. ¶¶ 5, 7, 13; <u>see</u> <u>also</u> Letter (d/e 37).

Even assuming Petitioner brings both double jeopardy and speedy trial claims, however, it is clear from the state court proceedings that Petitioner has not exhausted his state court remedies.  <u>See</u> Mot. to Dismiss, Exhibit A (d/e 23-1).  Petitioner is represented by counsel in the state court proceedings and could bring the claims in state court.  Nonetheless, no motions have been filed regarding speedy trial and double jeopardy claims.  The Illinois court should have the first opportunity to respond to and resolve Petitioner's claims.  <u>See</u> <u>United States v. Castor</u>, 937 F.2d 293, 296 (7th Cir. 1991) (comity requires that pretrial "detainees exhaust all avenues of state relief before seeking the writ"); <u>Olsson</u>, 328 F.

App'x at 335 (finding district court properly abstained from interfering with the petitioner's state criminal case where the petitioner did not exhaust his state court remedies on his speedy trial claim, was not prevented from bringing his constitutional claims in state court, and failed to show that the state court did not give him an adequate opportunity to present his constitutional claims). Moreover, Petitioner has not shown any reason to excuse the exhaustion requirement.

Therefore, even assuming Respondent Gann is the correct respondent in this case (an issue that is in doubt now that Petitioner is in the custody of the Department of Human Services), the Court dismisses the Petition, without prejudice, for failure to exhaust state court remedies. Substitution of a different respondent under these circumstances would be futile.

The Court also denies Petitioner's Motion to Request Counsel. The Court recognizes that Petitioner has been found unfit by the state court. However, appointing counsel to Petitioner in this case would be pointless because Petitioner has failed to exhaust his state court remedies.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Evans v. Circuit Court of Cook Cnty., Ill., 569 F.3d 665, 666 (7th Cir. 2009) (a certificate of appealability is required in a § 2241 case where custody stems from process issued by the judicial branch—as opposed to the executive branch—of the state). Petitioner has not made such a showing. Therefore, the Court denies a certificate of appealability.

### IV. CONCLUSION

For the reasons stated, the Motion to Dismiss (d/e 23) is GRANTED and the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (d/e 7) is DISMISSED without prejudice. Petitioner's Motion to Request Counsel (d/e 21) is DENIED AS MOOT. The Court also declines to issue a certificate of appealability. CASE CLOSED.

**ENTER: March 16, 2016**

**FOR THE COURT:**

                         <u>s/Sue E. Myerscough</u>
                         **SUE E. MYERSCOUGH**
                         **UNITED STATES DISTRICT JUDGE**